UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------
AMIR J. GOLDSTEIN                                                    07 CV 1855 (JSR)
                                                                                  ECF CASE
                                        Plaintiff,


                        -against-                                         **COMPLAINT**

CONTINENTAL SERVICE GROUP, INC.
D/B/A CONSERVE


                                        Defendant.
----------------------------------------------------------

Plaintiff, by and through his attorney, Adam J. Fishbein, as and for his complaint alleges as follows:

## INTRODUCTION

0.1     This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

0.2     Plaintiff is a natural person residing in New York County, New York.

0.3     Upon information and belief, defendant Continental Services Group, Inc. is a collection agency with its principal location in Fairport, New York.  Defendant is a debt collector within the meaning of the FDCPA.

## JURISDICTION

0.4     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331.

## AS AND FOR A FIRST CAUSE OF ACTION

1.1     Plaintiff realleges paragraphs 0.1 through 0.4 as if fully restated herein.

1.2     That a personal debt was allegedly incurred by the plaintiff.

1.3     That at a time unknown to the plaintiff herein, the aforementioned debt was

referred to defendant for collection.

1.4  In or about September, 2006, the plaintiff began receiving calls from Samuel Campbell a debt collector representative for the defendant.

1.5  Campbell advised the plaintiff that plaintiff owed loans in excess of $24,000.00.

1.6  The plaintiff was very surprised because he had already consolidated and was paying off several loans.

1.7  The plaintiff disputed the debt by telephone and followed up the telephone call with a letter requesting verification of the alleged debt.

1.8  The plaintiff was told that he would receive the documentation shortly, but that ultimately because plaintiff would have to pay because the plaintiff owed the money, and if the plaintiff did not want his credit to be effected and/or go to legal, that the plaintiff would have to pay.

1.9  A week later, the defendant called the plaintiff and inquired as to whether the plaintiff had received the papers.

1.10 The plaintiff responded that he had not.

1.11 Campbell called the plaintiff after the plaintiff had received the papers.

1.12 Plaintiff stated that he had to review his records.

1.13 Plaintiff also stated that the interest was unfair and the over $6,000.00 in collection costs was unfair.

1.14 Plaintiff would not agree to pay those amounts.

1.15 Campbell read to the plaintiff the underlined portion of the agreement to convince the plaintiff that the plaintiff is responsible for a 30% collection fee.

1.16 The Promissory Note's relevant portion states as follows: "The maker promises to pay to the holder hereof the actual costs and expenses of collection of any legal proceedings to collect any amount due on this note, plus an attorney's fee of fifteen percent (15%) of the amount then due under this note."

1.17 The plaintiff protested that the language means that that the plaintiff must pay the

      collection fees of the defendant.

1.18    The language is clear that it only applies to fees for legal proceedings

1.19    Defendant engaged in deceptive representations.

1.20    Defendant continued to attempt to collect the debt prior to verification thereof but after the plaintiff had disputed the debt and requested verification thereof.

1.21    Plaintiff became distressed when the defendant more money than was legally owed.

1.22    Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    (a)    The defendant is in violation of 15 U.S.C. § 1692g by attempting to collect the alleged debt after the plaintiff had requested verification and prior to plaintiff having received the verification documents.

    (b)    The defendant is in violation of 15 U.S.C. § 1692e(5) and 1692e(10) and by engaging in false threats and deceptive representations.

1.23    As a result of the above violations of the FDCPA, defendant is liable to the plaintiff for the sum of plaintiff's statutory and actual damages to be determined at trial, plus costs and attorney's fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

    (a)    Statutory and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial.

    (b)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (c)    For such other and further relief as may be just and proper.

        Dated: Woodmere, New York
             February 27, 2007

                                        _____
                                    Adam J. Fishbein, P.C. (AF-9508)
                                            Attorney At Law
                                    **Attorney for the Plaintiff**
                                          483 Chestnut Street
                                      Cedarhurst, New York 11516
                                        Telephone (516) 791-4400
                                            Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

                                        _____
                                        Adam J. Fishbein (AF-9508)

Case 1:17-cv-04729-BMC Document 1 Filed 08/11/17 Page 4 of 4 PageID #: 4