```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
FAIGY GOLDTSEIN                                             :
                                                            :
                                Plaintiff,                  :   **MEMORANDUM DECISION AND**
                                                            :   **ORDER**
                    - against -                             :
                                                            :   17-CV-04729 (BMC)
                                                            :
DIVERSIFIED ADJUSTMENT SERVICE,                             :
INCORPORATED                                                :
                                                            :
                                Defendant.                  :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff filed this suit on behalf of herself and a class against defendant, a debt collector, for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, in connection with defendant's efforts to collect a debt owed by plaintiff. Plaintiff seeks class certification under Rule 23, preliminary and permanent injunctive relief, statutory damages, and attorneys' fees and costs. At the direction of the Court, the parties filed cross motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on October 20, 2017. For the reasons discussed below, defendant's motion is granted, and plaintiff's is denied.

## BACKGROUND

The relevant facts in this action are not in dispute and can be recited briefly. Defendant's initial communication with plaintiff was an August 13, 2016 collection letter. The subject line of the letter states "Re SPRINT." The letter begins with, "[y]our account has been placed with us for collection." After detailing a payment option, the letter continues with, "[w]e will inform Sprint once the payment(s) is/are posted. Payment of the settlement amount will not restore your service with Sprint. If you wish to re-establish service with Sprint at a future date, Sprint may

require partial or full payment of your remaining balance at that time, according to Sprint's credit policy." An enclosed payment slip lists "SPRINT" in its subject line.

Plaintiff alleges that this letter violates § 1962g(a)(2) of the FDCPA because it fails to state that "Sprint" is either the original creditor, current creditor, or the creditor to whom a debt is owed, and because it could also leave plaintiff confused, as multiple Sprint entities exist. Plaintiff further alleges that these violations are deceptive and misleading, and therefore violate § 1692e(10) of the FDCPA.

## DISCUSSION

"Dismissal under Rule 12(c) is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." Dewees v. Legal Servicing, LLC, 506 F. Supp. 2d 128, 131 (E.D.N.Y. 2007) (internal quotations omitted). "The same standard applicable to Fed.R.Civ.P. 12(b)(6) motions to dismiss applies to Fed.R.Civ.P. 12(c) motions for judgment on the pleadings." Bank of New York v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir. 2010). Therefore, "the Court applies the Rule 12(b) 'plausibility standard,' which is guided by two working principles. District courts should first identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth, and second, if a complaint contains well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Williams v. New York State Office of Mental Health, No. 10-CV-1022, 2014 WL 1311405, at *1 (E.D.N.Y. Mar. 31, 2014) (internal quotations, citations, and alterations omitted).

The question before the Court is simple: did defendant put enough information in its debt collection letter to satisfy § 1692g, which provides that in its initial communication with a

2

debtor, or within five days of that communication, a debt collector must, *inter alia*, inform the debtor of "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). For the reasons discussed below, the Court holds that defendant's letter is adequate.

"The FDCPA was passed to protect consumers from deceptive or harassing actions taken by debt collectors." Kropelnicki v. Siegel, 290 F.3d 118, 127 (2d Cir. 2002). In explaining the need for the FDCPA, Congress highlighted truly egregious collection practices, including the "use of obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process." Id. (internal quotations omitted).

For purposes of ruling on an FDCPA claim, debt collection letters should be analyzed in their entirety. Dewees, 506 F. Supp. 2d at 132. See e.g., McStay v. I.C. Sys., Inc., 308 F.3d 188, 191 (2d Cir. 2002) (holding that even the least sophisticated consumer can be expected to read language on both the front and back of a notice.). To determine if a collection letter violates the FDCPA, courts ask if the "least sophisticated consumer…would have been aware that the name of the creditor appeared in the letter." Dewees, 506 F. Supp. 2d at 132. Although generous, this standard does not compel Courts to excuse strained, self-serving, or myopic readings of collection letters. The FDCPA does not "extend to every bizarre or idiosyncratic interpretation of a collection notice." Clomon v. Jackson, 988 F.2d 1314 (2d Cir. 1993) (internal quotations omitted). Instead, the standard "protects the naïve and the credulous," while "preserv[ing] the concept of reasonableness." Id. at 1319. Accordingly, "even the least sophisticated consumer can be presumed to possess a rudimentary amount of information about

the world and a willingness to read a collection notice with some care." Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005) (internal quotations omitted). The "hypothetical least sophisticated consumer…is neither irrational nor a dolt." Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 135 (2d Cir. 2010). Indeed, the Second Circuit has noted that "courts should apply the standard in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices." Easterling v. Collecto, Inc., 692 F.3d 229, 233-34 (2d Cir. 2012) (internal quotations omitted).

A debt collection letter may either explicitly or implicitly provide a consumer with information required under § 1692g. See Datiz v. Int'l Recovery Assocs., Inc., No. 15CV3549, 2016 WL 4148330, at *11 (E.D.N.Y. Aug. 4, 2016) ("The cases above suggest that a debt collector cannot satisfy Section 1692g(a)(2) by naming an entity without *explicitly or implicitly* making clear in the letter that the entity is the debtor's current creditor to whom a debt is owed." (emphasis added)); McGinty v. Prof'l Claims Bureau, Inc., No. 15CV4356, 2016 WL 6069180, at *4 (E.D.N.Y. Oct. 17, 2016) ("PCB's Collection Letters fail to *explicitly or implicitly* identify Plaintiffs' current creditors, and are therefore insufficient to satisfy 15 U.S.C. § 1692g(a)(2)." (emphasis added)). However, "[c]ourts of this district have repeatedly held that merely stating RE and the name of an entity in a collection letter does not satisfy the requirements of the FDCPA." Talyor v. MRS BPO, LLC, No. 217CV01733, 2017 WL 2861785, at *3 (E.D.N.Y. July 5, 2017) (internal quotations and alterations omitted).

Reading defendant's letter as a whole compels the conclusion that plaintiff was on notice that she owed money to Sprint. First, the letter mentions Sprint *seven* times - once in the subject line, once on the subject line of a payment slip, and five times in its body. No other entities are

mentioned. This is more than sufficient to put even the least sophisticated consumer on notice that she owes money to Sprint.

Second, although the letter does not explicitly identify Sprint as the creditor, several portions of the letter implicitly do so, which, as discussed above, is adequate for purposes of the FDCPA. Isolated in its own paragraph underneath the subject line (which reads "SPRINT"), the letter states "[y]our account has been placed with us for collection." Given the rest of the letter, the missing step - a crystal-clear declaration that the account in the subject line is the one that has been placed with defendant - is not necessary. Two paragraphs later, the letter tells plaintiff that defendant will notify Sprint when it receives her payment. This line begs the question: why would defendant let Sprint know about plaintiff's payment if she did not owe money to Sprint, and if the letter were not in connection with that debt?

What's more, the language two sentences later is strikingly similar to that in Talyor v. MRS BPO, LLC, No. 217CV01733, 2017 WL 2861785, at *3 (E.D.N.Y. July 5, 2017).[1] There, the court found that a disputed debt collection letter satisfied § 1692g, noting that the debtor should be expected to identify the owner of the debt because the letter "caution[ed] that, if the debt is settled for less that the full outstanding balance, [the creditor] may offer less favorable terms or deny applications for future [creditor] products." Here, defendant's letter discussed what might be required for Sprint to restore plaintiff's service. The Court expects that even the least sophisticated consumer could infer that if it is Sprint that has suspended services, it is Sprint to which money is owed. Finally, the subject line of the payment slip reads "SPRINT," which goes a long way to establishing that any payment is due to Sprint.

---

[1] Talyor appears to be improperly captioned. The plaintiff's surname is "Taylor," but the above decision is captioned as "Talyor."

5

It is hard to read any of these excerpts on their own without getting the impression that plaintiff owes money to Sprint. When read together, though, plaintiff could not plausibly think that the letter concerned a debt owed to anyone but Sprint. The FDCPA does not require that debt collectors spell out every term that a consumer can be reasonably expected to infer from the whole of a letter. See Sayra Hernandez v. Professional Claims Bureau, Inc., 16 Civ. 6849 (S.D.N.Y, Sep. 23, 2017) (noting that collection letters that repeat the name of the creditor are adequate for Section 1692g, even if they don't use the word "creditor."). "Least sophisticated" does not mean "uncomprehending," and given the quantity and quality of references to Sprint, plaintiff has not convinced the Court that the least sophisticated consumer could not "deduce from reading [defendant's] Collection Letter…the name of the creditor seeking collection." Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293, 301 (E.D.N.Y. 2005).

Defendant points to two recent cases from this district, Datiz, 2016 WL 4148330, and McGinty, 2016 WL 6069180, to support her argument that the letter is inadequate because it does not explicitly state that she owes the debt to Sprint. However, the letters in those cases were materially different from the one at issue here. The disputed letter in Datiz contained *a single* reference to the creditor (as against seven, here), a point that the Datiz court emphasized: "[t]hus, the Court finds the fact that the caption [to the] February 13, 2015 Letter lists John T. Mather Hospital is not, *without more explanation*, sufficient to satisfy Section 1692g(a)(2) because it does not identify the Hospital as the Plaintiff's current creditor." 2016 WL 4148330 at *11 (emphasis added). The disputed letters in McGinty also contained only a single reference on the subject line to the creditor. In neither case do the letters mention the name of the creditor *anywhere* beyond the subject line.

6

Plaintiff also argues that defendant's failure to use Sprint's full name is unduly confusing. "The FDCPA does not address whether a debt collector must use the full business name of a creditor in order to comply with § 1692(g)(a)(2)." Leonard v. Zwicker & Assocs., P.C., No. 16-CV-14326, 2016 WL 7388645, at *3 (S.D. Fla. Dec. 14, 2016). The Second Circuit has not addressed the question, Datiz, 2016 WL 4148330 at *9, but other courts have recognized that "[i]n light of the FDCPA's purpose, requiring a creditor be identified by its full business name, rather than the name by which it is commonly referred, could serve only to increase confusion for the least sophisticated consumer, who may be more familiar with the creditor's common name." Leonard, 2016 WL 7388645, at *3. Recently, a district court in this circuit evaluated other courts' approaches, the legislative history of the FDCPA, and separate provisions in the statute, and concluded that § 1692(g)(a)(2) permits the use of common names, as opposed to their full legal or business names. See Hernandez, 16 Civ. 6849 (S.D.N.Y, Sep. 23, 2017). This Court agrees, and holds that using "SPRINT," instead of whatever Sprint's actual legal name is, does not violate either the letter or the spirit of § 1692(g), the purpose of which is to ensure consumers are informed of the nature of their debt. Put simply, it strains credulity to believe that plaintiff would have had a better understanding of who she owed money to or that she would have somehow responded differently if Sprint's full name were listed.

Plaintiff's allegations arise out of exactly the kind of labored reading of the letter from which courts have worked to protect debt collectors. That conclusion is particularly merited because there is no indication that the alleged problems with the collection letter bear any resemblance to the plainly abusive behavior that the FDCPA was enacted to target. The letter at issue here is clearly not designed as harassing, oppressive, misleading or intended to victimize the least sophisticated consumer.

7

Finally, as to plaintiff's claim under § 1692e, because the Court does not find that defendant's letter is inadequate under § 1692(g), and because plaintiff has not asserted any other basis for liability under § 1692e, defendant's motion for judgment on the pleadings on plaintiff's § 1692e claim is granted.

## CONCLUSION

For the foregoing reasons, defendant's motion for judgment on the pleadings is granted, and plaintiff's motion for judgment on the pleadings is denied. The Clerk is directed to enter judgment dismissing the complaint.

**SO ORDERED.**

Dated: Brooklyn, New York
      November 20, 2017

U.S.D.J.